United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 96-3386

| | |
|---|---|
| Teamsters National Freight Industry Negotiating Committee, on behalf of Teamster Local Unions with Churchill Truck Lines Contracts; Virgil Howe; Gary Southers; John Hogan; Rosetta G. Cavan, | * <br> * <br> * <br> * <br> * <br> * Appeal from the United States <br> * District Court for the Western <br> * District of Missouri. |
| Plaintiffs - Appellants, | * |
| | * |
| v. | * [PUBLISHED] |
| | * |
| Churchill Truck Lines, Inc., | * |
| | * |
| Defendant - Appellee. | * |

_____

Submitted:  April 16, 1997
     Filed:  August 15, 1997

_____

Before FAGG, FLOYD R. GIBSON, and MURPHY, Circuit Judges.

_____

PER CURIAM.

In this class action case, appellant Teamsters National Freight Industry Negotiating Committee ("Teamsters"), among others, contends that appellee Churchill Truck Lines, Inc. ("Churchill") violated the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101-2109 (1994) (the "WARN Act"), when the company failed to give sixty days notice before permanently closing its trucking

operations. Churchill concedes that it did not comply with the notification requirements customarily prescribed by the WARN Act, but it maintains that it is shielded from liability by the statute's exceptions applicable to closings or mass layoffs related to strikes, see id. § 2103(2), or caused by "business circumstances that were not reasonably foreseeable as of the time that notice would have been required," id. § 2102(b)(2)(A). After conducting a two day bench trial, the district court,[1] in a published opinion, agreed with Churchill that both proffered exceptions served to excuse the company's failure to give notice within the normal sixty day window. See Teamsters Nat'l Freight Indus. Negotiating Comm. v. Churchill Truck Lines, Inc., 935 F. Supp. 1021, 1025-27 (W.D. Mo. 1996). We affirm.

The district court's opinion is thorough and well-reasoned, and we have nothing more to add. The court's factual findings are not clearly erroneous, see id. at 1022-25, and we believe that it properly interpreted and applied the WARN Act exceptions relevant to this case, see id. at 1025-27. None of Teamsters's challenges to the court's analysis of the Act has more than a semblance of merit. Moreover, the court did not abuse its discretion when it denied Teamsters's belated request, made under Rule 39(b) of the Federal Rules of Civil Procedure, for a jury trial. See Littlefield v. Fort Dodge Messenger, 614 F.2d 581, 585 (8th Cir.), cert. denied, 445 U.S. 945 (1980).

Based on our careful consideration of the record, the parties' briefs, and the pertinent authorities, we have concluded that an extended discussion of Teamsters's claims would serve no useful purpose. Accordingly, we summarily affirm the district court's judgment. See 8th Cir. R. 47B.

AFFIRMED.

---

[1]The HONORABLE JOSEPH E. STEVENS, JR., Senior United States District Judge for the Western District of Missouri.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT